A CERTIFIED TRUE COPY
ATTEST
By Denise Morgan-Stone on Dec 02, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

Dec 02, 2009

FILED
CLERK'S OFFICE

IN RE: CYCLOBENZAPRINE HYDROCHLORIDE
EXTENDED-RELEASE CAPSULE PATENT LITIGATION       MDL No. 2118

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs Eurand, Inc., Cephalon, Inc., and Anesta AG have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of six actions: four actions in the District of Delaware and two actions in the Central District of California, as listed on Schedule A.[1] Responding defendants Anchen Pharmaceuticals, Inc., Mylan Pharmaceuticals, Inc., Mylan Inc., and Barr Laboratories, Inc., oppose centralization.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All six actions share factual allegations with respect to one or the other of two patents[2] relating to the prescription drug Amrix (cyclobenzaprine hydrochloride extended-release capsules). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, responding defendants argue, *inter alia*, that centralization might delay the progress of the two earliest-filed District of Delaware actions, and that, by seeking centralization under Section 1407, movants are improperly attempting to deny Judge Sue L. Robinson, who is already overseeing all four of the District of Delaware actions, the discretion to manage the actions as she sees fit. We respectfully disagree with these arguments. Centralization under Section 1407 has the salutary effect of assigning these actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. *See In re Brimonidine Patent Litigation*, 507 F.Supp.2d 1381, 1382 (J.P.M.L. 2007). Our decision to centralize these actions in no way dictates or even suggests the particular manner or course of such proceedings; consistent with our typical practice, we leave those determinations to the transferee judge. *See, e.g., In re Tri-State Crematory Litigation*, 206 F.Supp.2d 1376, 1378 (J.P.M.L. 2002).

---

[1] The parties have notified the Panel of one additional related action. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] U.S. Patent Nos. 7,387,793 and 7,544,372.

- 2 -

We are persuaded that the District of Delaware is an appropriate transferee district for pretrial proceedings in this litigation.  Four of the six actions (including the first-filed action) were brought in that district, and all parties are already litigating there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Sue L. Robinson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen               W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.         David G. Trager

**IN RE: CYCLOBENZAPRINE HYDROCHLORIDE**
**EXTENDED-RELEASE CAPSULE PATENT LITIGATION**          MDL No. 2118

## SCHEDULE A

Central District of California

Eurand, Inc., et al. v. Anchen Pharmaceuticals, Inc., et al., C.A. No. 2:09-4931
Eurand, Inc., et al. v. Anchen Pharmaceuticals, Inc., et al., C.A. No. 8:09-1098

District of Delaware

Eurand, Inc., et al. v. Mylan Pharmaceuticals, Inc., et al., C.A. No. 1:08-889
Eurand, Inc., et al. v. Impax Laboratories, Inc., C.A. No. 1:09-18
Eurand, Inc., et al. v. Anchen Pharmaceuticals, Inc., et al., C.A. No. 1:09-492
Eurand, Inc., et al. v. Anchen Pharmaceuticals, Inc., et al., C.A. No. 1:09-715