# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

17ᵀᴴ Floor
222 Delaware Avenue
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Susan M. Coletti
302 778-8434

Email
Coletti@fr.com

ATLANTA
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

**VIA CM/ECF**

May 24, 2011

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *In re Cyclobenzaprine Hydrochloride Extended-Release Capsules Litigation*
       USDC - D. Del. C.A. No. 09-md-2118-SLR

Dear Judge Robinson:

At the conclusion Monday morning's hearing on Mylan's emergency motion for reconsideration (D.I. 275) of the Court's May 20, 2011 Order granting Plaintiffs' motion for a temporary restraining order ("TRO") (No. 09-md-2118, D.I. 273), the Court requested a joint letter suggesting the most efficient way to get this case up on appeal to the Federal Circuit on all issues.

Plaintiffs' Proposal

The Court's Orders dated May 20, 2011 and May 24, 2011 (No. 09-md-2118, D.I. 273, 289) granting Plaintiffs' request for an injunction pending appeal, denying Mylan's motion for reconsideration, and denying Plaintiffs' motion for relief from the judgment for purposes of expediting the appeal, have addressed nearly all the issues remaining at the trial level. Plaintiffs will file a notice of appeal by close of business tomorrow, Wednesday, May 25. Plaintiffs agree to file a joint request to expedite the appeal within two days of the docketing of the appeal. Plaintiffs also agree to brief the appeal on an expedited basis as follows:

- Appellants' Brief to be due within 21 days of the docketing of the appeal;
- Appellee's Response Brief to be due within 14 days of Appellants' Brief; and
- Appellants' Reply Brief to be due within 10 days of the Response Brief.

This is far shorter than the normal 60/40/14 briefing schedule set by Federal Circuit Rule 31 and FRAP 31. Plaintiffs also agree to file a joint appendix within 3 days of the Reply Brief. Mylan's proposed schedule below is unreasonable and unworkable. Moreover, as the Court has already found, any harm that Mylan may suffer during the appeal period is self-inflicted and should not form the basis for imposing such an onerous briefing schedule on Plaintiffs.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
May 24, 2011
Page 2

Plaintiffs believe this addresses all outstanding issues except Mylan's antitrust and misuse declaratory judgment counterclaims (No. 08-889, D.I. 160-1 at 24-30 (Second, Third, and Fourth Counterclaims)), which were premised on an argument that Mylan's formulation would not infringe (No. 08-889, D.I. 97 at 4). In light of Mylan's subsequent decision not to contest infringement (No. 09-md-2118, D.I. 209) and the Court's finding that Mylan's ANDA does infringe (No. 09-md-2118, D.I. 254 at 42), those counterclaims should be dismissed with prejudice. Plaintiffs believe this is the quickest and fairest way to get all issues before the Federal Circuit.

Mylan's Proposal

Plaintiffs' proposed schedule for their appeal of this Court's May 12, 2011 Opinion ruling the patents-in-suit invalid is not sufficiently expeditious in view of the Court's issuance of an injunction against Mylan and the severe harm that injunction imposes on Mylan.

Mylan proposes the following expedited appeal schedule. The proposed schedule is for an appeal on the merits. Mylan contemplates a more expedited appeal from the Court's grant of injunctive relief.

- Appellant's (Plaintiffs') Brief to be due within 7 days of notice of appeal;
- Appellee's (Mylan's) Response Brief to be due within 7 days of Appellants' Brief;
- Appellants' Reply Brief to be due within 3 days of Response Brief;
- Joint Appendix to be filed within 1 day of the Reply Brief; and
- Oral argument be held at the Court's earliest convenience following the completion of briefing.

Such a schedule is not unusual for an expedited appeal at the Federal Circuit. *See, e.g.*, *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 601 F.3d 1359 (Fed. Cir. 2010); *i4i Ltd. P'ship v. Microsoft Corp.*, 589 F.3d 831 (Fed. Cir. 2010).

With respect to Plaintiffs' statement that Mylan's pending counterclaims should be dismissed with prejudice, Plaintiffs are incorrect and it would be improper for this Court to do so. Contrary to Plaintiffs' suggestion, there has been no adjudication on the merits that Mylan's ANDA products infringe any claim of the patents-in-suit. The joint stipulation entered by the Court regarding Mylan's non-infringement defense (D.I. 209) expressly provided that it did not constitute a waiver of any claim or defense of Mylan's or an admission of infringement by Mylan. Mylan's stayed counterclaims are therefore not impacted by this Court's rulings on the issues of invalidity or unenforceability that were addressed at trial. Nevertheless, to remove any question as to whether Mylan's stayed counterclaims might prevent an immediate

Fᴉsʜ & Rɪᴄʜᴀʀᴅsᴏɴ ᴘ.ᴄ.

The Honorable Sue L. Robinson
May 24, 2011
Page 3


appeal by Plaintiffs, Mylan is willing to agree to a Rule 54(b) certification as to those claims.

Respectfully,

*/s/ William  J. Marsden, Jr.*

William J. Marsden, Jr

80110725