**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: CYCLOBENZAPRINE HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION | C.A. No. 09-md-2118-SLR |
| EURAND, INC., CEPHALON, INC., and ANESTA AG, <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC., MYLAN INC. and BARR LABORATORIES, INC., <br><br> Defendants. | C.A. No. 08-889-SLR |

**PLAINTIFFS' RESPONSE TO MYLAN'S EMERGENCY MOTION TO STAY
PARAGRAPH 3 OF THE INJUNCTION ORDER**

The Court should deny Mylan Pharmaceuticals Inc.'s and Mylan Inc.'s (collectively, "Mylan's") Emergency Motion to Stay Paragraph 3 of the May 24 Injunction Order. (D.I. 293.) The Court's Injunction Order (D.I. 290) granted Plaintiffs' request for an injunction to restore the *status quo* pending Plaintiffs' appeal on invalidity.

A four-factor test governs the issuance of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). That is substantially the same four-factor test governing the issuance of an injunction pending appeal, including the Injunction Order that is the subject of Mylan's request for a stay.

The Court has already determined that application of this four-factor test favored the issuance of an injunction to restore the *status quo*, including requiring Mylan and Plaintiffs to take reasonable steps to remove their generic products from the market. Thus, Mylan's request for a "stay" of Paragraph 3 of the Injunction Order requests relief that this Court has already determined is not appropriate under the relevant standard. Moreover, Mylan's assertion that it will "likely" be harmed by complying with Paragraph 3 of the Order ignores (1) the actual harm that Mylan's at-risk launch has caused, and continues to cause Plaintiffs, (2) the fact that any harm to Mylan was a foreseeable consequence of its own choice to launch at risk, and (3) the fact that the Court has already considered the harm to both parties, has balanced those harms, and has found that injunctive relief is appropriate. As Mylan frankly acknowledges, it filed its emergency motion for a stay to satisfy a perceived prerequisite to presenting its argument to the Federal Circuit—Mylan cannot request a stay from the Federal Circuit without first requesting a stay from this Court or showing that moving first in the district court would be impracticable. Fed. R. App. Proc. 8(a)(2)(A). Accordingly, there is no reason to substantively revisit the issues this Court has already decided. Nevertheless, if the Court determines that reconsideration of any part of the Court's Injunction Order is appropriate, Plaintiffs request the opportunity to respond to Mylan's submissions made just prior to the Court's issuance of the order to which Plaintiffs had no opportunity to respond. (*See, e.g.*, D.I. 283, 284, 288.)

For these reasons, and for the reasons set forth in Plaintiffs' submissions related to Plaintiffs' requests for a temporary restraining order/injunction pending appeal (D.I. 257, 258, 259, 262, 263, 269, 271, 272, 277, 280, 285, 286, 287), which are hereby incorporated by reference, the Court should deny Mylan's request for a stay of Paragraph 3 of the Court's May 24, 2011 Injunction Order.

| | |
|---|---|
| OF COUNSEL:<br><br>Tryn T. Stimart<br>COOLEY LLP<br>777 6th Street N.W. Suite 1100<br>Washington, DC 20001<br>(202) 842-7800<br>tstimart@cooley.com<br><br>Jon Graves<br>COOLEY LLP<br>One Freedom Square<br>Reston Town Center<br>11951 Freedom Drive<br>Reston, VA 20190<br>(703) 456-8119<br>jgraves@cooley.com<br><br>*Attorneys for Plaintiff*<br>*Eurand, Inc.*<br><br><br><br>Dated:  May 24, 2011 | FISH & RICHARDSON P.C.<br><br> */s/ William J. Marsden, Jr.*<br>William J. Marsden, Jr. (#2247)<br>marsden@fr.com<br>Susan M. Coletti (#4690)<br>coletti@fr.com<br>Jennifer L. Hall (#5122)<br>jhall@fr.com<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>(302) 652-5070<br><br>John D. Garretson<br>John S. Goetz<br>601 Lexington Avenue - 52nd Floor<br>New York, NY 10022<br>(212) 765-5070<br><br>Jonathan E. Singer<br>Geoff D. Biegler<br>60 South Sixth Street, 3200 RBC Plaza<br>Minneapolis, MN  55402<br>(612) 335-5070<br><br>John M. Farrell<br>Wing H. Liang<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>(650) 839-5070<br><br>Juanita Brooks<br>12390 El Camino Real<br>San Diego, CA 92130<br>(858) 678-5070<br>*Attorneys For Plaintiffs*<br>*Eurand, Inc., Cephalon, Inc. and Anesta AG* |