# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: CYCLOBENZAPRINE HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION | C.A. No. 09-md-2118-SLR |
| EURAND, INC., CEPHALON, INC., and ANESTA AG,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC., MYLAN INC. and BARR LABORATORIES, INC.,<br><br>Defendants. | C.A. No. 08-889-SLR |

## PLAINTIFFS' RESPONSE TO MYLAN'S EMERGENCY MOTION
## FOR STAY OF MAY 24 INJUNCTION ORDER

The Court should deny Mylan Pharmaceuticals Inc.'s and Mylan Inc.'s (collectively, "Mylan's") Emergency Motion for Stay of May 24 Injunction Order. (D.I. 292.) The Court's Injunction Order (D.I. 290) granted Plaintiffs' request for an injunction to restore the status quo pending Plaintiffs' appeal on invalidity.

A four-factor test governs the issuance of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). That is substantially the same four-factor test governing the issuance of an injunction pending appeal, including the Injunction Order that is the subject of Mylan's request for a stay.

In two memorandum opinions, the Court determined that application of this four-factor test favored the issuance of an injunction to restore the *status quo*. Thus, Mylan's request for a "stay" of the Injunction Order requests relief that this Court has already determined is not appropriate under the relevant standard. For this reason, and for the reasons set forth in Plaintiffs' submissions related to Plaintiffs' requests for a temporary restraining order/injunction pending appeal (D.I. 257, 258, 259, 262, 263, 269, 271, 272, 277, 280, 285, 286, 287), which are hereby incorporated by reference, the Court should deny Mylan's request for a stay of the Court's May 24, 2011 Injunction Order.

FISH & RICHARDSON P.C.

OF COUNSEL:

Tryn T. Stimart
COOLEY LLP
777 6th Street N.W. Suite 1100
Washington, DC 20001
(202) 842-7800
tstimart@cooley.com

Jon Graves
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
(703) 456-8119
jgraves@cooley.com

*Attorneys for Plaintiff Eurand, Inc.*

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
marsden@fr.com
Susan M. Coletti (#4690)
coletti@fr.com
Jennifer L. Hall (#5122)
jhall@fr.com
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070

John D. Garretson
John S. Goetz
FISH & RICHARDSON P.C.
601 Lexington Avenue - 52nd Floor
New York, NY 10022
(212) 765-5070

Jonathan E. Singer
Geoff D. Biegler
FISH & RICHARDSON P.C.
60 South Sixth Street, 3200 RBC Plaza
Minneapolis, MN 55402
(612) 335-5070

John M. Farrell
Wing H. Liang

|  |  |
|---|---|
| Dated: May 24, 2011 | FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>(650) 839-5070<br><br>Juanita Brooks<br>12390 El Camino Real<br>San Diego, CA 92130<br>(858) 678-5070<br><br>*Attorneys For Plaintiffs*<br>*Eurand, Inc., Cephalon, Inc. and Anesta AG* |

60705318.doc